```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 16-03194-RNO
Odell K. Harrison                                                   Chapter 13
Stacy A Harrison
         Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-5          User: DDunbar              Page 1 of 2              Date Rcvd: Sep 14, 2016
                              Form ID: pdf002            Total Noticed: 39
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 16, 2016.
```
db/jdb         Odell K. Harrison,    Stacy A Harrison,    270 Spicebush Drive,
                East Stroudsburg, PA 18301-7044
4818479       +CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
4818480      ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                (address filed with court: CAPITAL ONE BANK,     15000 CAPITAL ONE DR,   RICHMOND, VA 23238)
4818481       +CBNA,   PO BOX 6497,    SIOUX FALLS, SD 57117-6497
4818483       +CHASE BANK,    C/O MRS BPO LLC,    1930 OLNEY AVENUE,    CHERRY HILL, NJ 08003-2016
4818482       +CHASE BANK,    PO BOX 15298,    WILMINGTON, DE 19850-5298
4818485        CHASE BANK USA NA,    C/O MRS BPO LLC,    1830 OLNEY AVENUE,    CHERRY HILL, NJ 08003
4818486       +CHASE MORTGAGE,    PO BOX 24696,    COLUMBUS, OH 43224-0696
4818487       +CITI CARDS/CITIBANK,    PO BOX 6241,    SIOUX FALLS, SD 57117-6241
4818489       +CITIBANK/HOME DEPOT,    C/O SETTLEMENT SERVICES,    1061 MAIN STREET SUITE 19,
                NORTH HUNTINGDON, PA 15642-7425
4818490       +COMENITY BANK/DRESS BARN,    PO BOX 182789,    COLUMBUS, OH 43218-2789
4818491       +CREDIT FIRST/FIRESTONE,    PO BOX 81083,    CLEVELAND, OH 44181-0083
4826952        Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
4818494       +FIDELITY BROKERAGE SVCS LLC,    900 SALEM STREET,    SMITHFIELD, RI 02917-1243
4818495       +HOME DEPOT/CITIBANK,    PO BOX 6497,    SIOUX FALLS, SD 57117-6497
4818498       +POCONO AMBULATORY SURGERY CENTER,     1 STORM STREET,    STROUDSBURG, PA 18360-2406
4818499       +POCONO HEALTHCARE MANAGEMENT,    C/O TRANSWORLD SYSTEMS INC,    PO BOX 17221,
                WILMINGTON, DE 19850-7221
4818501        SANTANDER CONSUMER USA,    ATTN BANKRUPTCY DEPT,    PO BOX 560284,    DALLAS, TX 75356-0284
4818500       +SANTANDER CONSUMER USA,    PO BOX 961245,    FORT WORTH, TX 76161-0244
4818502       +SUBURBAN EMERGENCY MEDICAL SVCS,     C/O FIRSTSTATES FINANCIAL SVCS CORP,    PO BOX 5827,
                READING, PA 19610-5827
4818504       +SYNCHRONY BANK/AMAZON,    C/O MIDLAND CREDIT MANAGEMENT,    2365 NORTHSIDE DRIVE SUITE 300,
                SAN DIEGO, CA 92108-2709
4818507       +SYNCHRONY BANK/NAPA EASY PAY,     C/O ERC,   PO BOX 57610,    JACKSONVILLE, FL 32241-7610
4818508        SYNCHRONY BANK/SLEEPYS,    C/O MONARCH RECOVERY MANAGEMENT,    10965 DECATUR ROAD,
                PHILADELPHIA, PA 19154-3210
4818510       +UPSTATE SC EMERGENCY PHYSICIAN,     C/O CFS BILLING,    300 S PARK RD SUITE 400,
                HOLLYWOOD, FL 33021-8353
4818509        UPSTATE SC EMERGENCY PHYSICIAN,     C/O CFS,    PO BOX 3475,   TOLEDO, OH 43607-0475
4818511       +VERIZON,    PO BOX 4003,    ACWORTH, GA 30101-9004
4818512       +VERIZON WIRELESS,    455 DUKE DRIVE,    FRANKLIN, TN 37067-2701
4818513       +WFFNB/RAYMOUR & FLANIGAN,    800 WALNUT STREET,    DES MOINES, IA 50309-3605
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4818484        E-mail/Text: legal@arsnational.com Sep 14 2016 20:02:40      CHASE BANK USA,
                C/O ARS NATIONAL SERVICES INC,    PO BOX 469046,    ESCONDIDO, CA 92046-9046
4818488       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 14 2016 20:07:37
                CITIBANK/BEST BUY,    C/O PORTFOLIO RECOVERY ASSOC,    120 CORPORATE BLVD,
                NORFOLK, VA 23502-4962
4818492       +E-mail/Text: BKRMailOps@weltman.com Sep 14 2016 20:03:02      DISCOVER BANK,
                C/O WELTMAN WEINBERG & REIS,    325 CHESTNUT ST STE 501,    PHILADELPHIA, PA 19106-2605
4818493        E-mail/Text: mrdiscen@discover.com Sep 14 2016 20:02:17      DISCOVER FINANCIAL SERVICES,
                PO BOX 15316,    WILMINGTON, DE 19850
4820231        E-mail/Text: mrdiscen@discover.com Sep 14 2016 20:02:17      Discover Bank,
                Discover Products Inc,    PO Box 3025,   New Albany, OH 43054-3025
4818496        E-mail/Text: Hcabankruptcy-courtnotices@hcamerica.com Sep 14 2016 20:03:31
                HYUNDAI MOTOR FINANCE,    PO BOX 660891,    DALLAS, TX 75266-0891
4818497        E-mail/Text: cio.bncmail@irs.gov Sep 14 2016 20:02:32      IRS,    CENTRALIZED INSOLVENCY OP,
                PO BOX 7346,    PHILADELPHIA, PA 19101-7346
4819302       +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Sep 14 2016 20:02:53
                Pennsylvania Department of Revenue,    Bankruptcy Division PO BOX 280946,
                Harrisburg, PA 17128-0946
4818503       +E-mail/PDF: gecsedi@recoverycorp.com Sep 14 2016 20:07:06      SYNCB/NAPA EASY PAY,
                950 FORRER BLVD,    KETTERING, OH 45420-1469
4818505       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 14 2016 20:07:15
                SYNCHRONY BANK/LOWES,    C/O PORTFOLIO RECOVERY ASSOCIATES,    120 CORPORATE BLVD,
                NORFOLK, VA 23502-4962
4818506       +E-mail/PDF: gecsedi@recoverycorp.com Sep 14 2016 20:06:40      SYNCHRONY BANK/LOWES,
                PO BOX 965005,    ORLANDO, FL 32896-5005
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2016                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 14, 2016 at the address(es) listed below:

      Charles J DeHart, III  (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
      Joshua I Goldman    on behalf of Creditor    JPMorgan Chase Bank, National Association
      bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
      United States Trustee    ustpregion03.ha.ecf@usdoj.gov
      Vincent  Rubino    on behalf of Joint Debtor Stacy A Harrison
      epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newmanwilliams.com;eapotito@hotmail.com
      Vincent  Rubino    on behalf of Debtor Odell K. Harrison
      epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newmanwilliams.com;eapotito@hotmail.com

                                                                TOTAL: 5

VR:bs

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
| --- | --- | --- |
|  | : | CASE NO. _____ |
| ODELL K. HARRISON, | : |  |
| aka ODELL KENYETTA HARRISON, | : | CHAPTER 13 PLAN |
| aka ODELL HARRISON, | : |  |
| aka ODELL K. HARRISON, JR.. | : | [  ] # MOTIONS TO AVOID LIENS |
| aka ODELL HARRISON, JR., and | : |  |
| STACY A. HARRISON, | : | [  ] # MOTIONS TO VALUE COLLATERAL |
| aka STACY ALLANA HARRISON, | : |  |
| aka STACY HARRISON, | : | [X] ORIGINAL PLAN |
|  | : |  |
|  | : | [  ] AMENDED PLAN |
|  | : | (Indicate 1st, 2nd, 3rd, etc.) |

DEBTOR(S)

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

[X] The debtor(s) will seek a discharge of debts pursuant to Section 1328(a).

[  ] The debtor(s) is/are not eligible for a discharge of debts because the debtor(s) has/have previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[  ] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the Section 8 of this plan. *Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.*

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. Plan Payments

   1. To date, the Debtor(s) has paid $**0.00** *(enter $0 if no payments have been made to Trustee to date)*. Debtor(s) shall pay the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $**29,063.40**, plus other payments and property stated in Paragraph B below:

   | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
   |---|---|---|---|---|
   | 09/2016 | 08/2021 | $484.39 | N/A | $29,063.40 |
   |  |  |  |  |  |
   |  |  |  |  |  |
   |  |  |  |  |  |
   |  |  |  |  | $29,063.40 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

   3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

   4. CHECK ONE:    ( )    Debtor(s) is at or under median income.

                    ( X )  Debtor(s) is over median income. Debtor(s) calculates that a minimum of $**10,256.40** must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

   B. Liquidation of Assets

   1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

   2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

   3. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

    A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor(s) to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim of this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

    B. <u>Mortgages and Other Direct Payments by Debtor(s)</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Chase Mortgage | Debtors' residence. | $1,277.70 | $116,271.49 |
| Santander Consumer USA | Auto Loan – 2012 Cadillac SRX Performance | $ 297.90 | $ 15,853.42 |

    C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | $ | $ |
|  |  | $ | $ | $ |

3

Case 5:16-bk-03194-RNO    Doc 6    Filed 08/02/16    Entered 08/02/16 16:31:10    Desc
                    Main Document      Page 3 of 9
Case 5:16-bk-03194-RNO    Doc 21    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
               Imaged Certificate of Notice    Page 5 of 11

D. <u>Secured Claims Paid According to Modified Terms</u>.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSE TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

F. <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) *(this section should not be used for statutory or consensual liens such as mortgages)*:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. *(Check if applicable)*
( ) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:
(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.
(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.
(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| **IRS (2014)** | $ 6,079.59 |
| **IRS (2015)** | $11,447.00 |

B. Administrative Claims:
(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

5

Case 5:16-bk-03194-RNO    Doc 6    Filed 08/02/16    Entered 08/02/16 16:31:10    Desc
Main Document    Page 5 of 9
Case 5:16-bk-03194-RNO    Doc 21    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
Imaged Certificate of Notice    Page 7 of 11

(2) Attorney fees. Check one box:

    ☒    In addition to the retainer of $**0.00** already paid by the Debtor, the amount of $**4,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2; or

    ☐    $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |

4. **UNSECURED CLAIMS**

    A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |

    B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment in Plan | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |  |
|  |  | $ | % | $ | $ |  |

6. **REVESTING OF PROPERTY: (Check One)**

    [X]    Property of the estate will vest in the debtor(s) upon confirmation. *(Not to be used with paragraph 2H)*.

    [ ]    Property of the estate will vest in the debtor(s) upon closing of the case.

6

Case 5:16-bk-03194-RNO    Doc 6    Filed 08/02/16    Entered 08/02/16 16:31:10    Desc
Main Document      Page 6 of 9
Case 5:16-bk-03194-RNO    Doc 21    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
Imaged Certificate of Notice     Page 8 of 11

7. **STUDENT LOAN PROVISIONS**:

   A. <u>Student loan provisions</u>.  This plan does not seek to discharge student loan(s) except as follows:

   *(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)*

| Name of Creditor | Monthly Payments | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   Include the additional provisions below or on an attachment.  *(NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)*

9. **ORDER OF DISTRIBUTION**

   Payments from the plan will be made by the trustee in the following order:

| Level 1 | Adequate protection payments | $     -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 4,000.00 | |
| Level 3 | Domestic Support Obligations | $     -0- | |
| Level 4 | Priority claims, pro rata | $17,526.59 | |
| Level 5 | Secured claims, pro rata | $     -0- | |
| Level 6 | Specially classified unsecured claims | $     -0- | |
| Level 7 | General unsecured claims | $ 4,894.68 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $     -0- | |
| | Subtotal | | $26,421.27 |
| | Trustee Commission | $ 2,642.13 | |
| | Total | | $29,063.40 |

   If the above Levels are not filled in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide

   Level 1:   Adequate protection payments.
   Level 2:   Debtor's attorney's fees.
   Level 3:   Domestic Support Obligations.
   Level 4:   Priority claims, pro rata.
   Level 5:   Secured claims, pro rata.
   Level 6:   Specially classified unsecured claims.
   Level 7:   General unsecured claims.
   Level 8:   Untimely filed unsecured claims to which the debtor has not objected.

7

Case 5:16-bk-03194-RNO    Doc 6    Filed 08/02/16    Entered 08/02/16 16:31:10    Desc
                    Main Document      Page 7 of 9
Case 5:16-bk-03194-RNO    Doc 21    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
              Imaged Certificate of Notice    Page 9 of 11

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor(s). Claims filed after the bar date that are not properly served on the trustee will not be paid. The responsibility for reviewing the claims and objecting where appropriate rests with the debtor(s).

Dated: 8/1/16            /s/ Vincent Rubino
                         Vincent Rubino, Esq., Attorney for Debtor(s)


                         /s/ Odell K. Harrison
                         ODELL K. HARRISON

                         /s/ Stacy A. Harrison
                         STACY A. HARRISON

8

Case 5:16-bk-03194-RNO    Doc 6    Filed 08/02/16    Entered 08/02/16 16:31:10    Desc
                    Main Document        Page 8 of 9
Case 5:16-bk-03194-RNO    Doc 21    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
          Imaged Certificate of Notice    Page 10 of 11

# PLAN CHECKLIST

- Any LEASES to assume or reject
    1. Is there an auto lease?
    2. Is there an apartment rental?
    3. Need interest rate; pre-petition arrears; total payment in plan; and assume or reject.

- Any MORTGAGES to avoid

- Any COLLATERAL being SURRENDERED

- Any CRAMDOWNS

- Any JUDGMENTS to avoid

- Any MORTGAGE MODIFICATION provision

- Any EARNING CAPACITY issues (e.g., receiving Unemployment)

- Any NON-EXEMPT PROCEEDS to address

- Any provision re UNTIMELY FILED UNSECUREDs

- Do we have a CMA (needed if keeping house, unless dumping second mortgage)

9

Case 5:16-bk-03194-RNO    Doc 6    Filed 08/02/16    Entered 08/02/16 16:31:10    Desc
Main Document    Page 9 of 9
Case 5:16-bk-03194-RNO    Doc 21    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
Imaged Certificate of Notice    Page 11 of 11